**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DOUGLAS ELLIMAN LLC,

                    Plaintiff,

    -against-

FIREFLY ENTERTAINMENT INC.,
13 MANAGEMENT LLC, and
EURO TRIBECA LLC,

                  Defendants.

Case No. 1:18-cv-01381-JMF

Hon. Jesse M. Furman

Oral Argument Requested

**MEMORANDUM OF LAW**
**IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**VENABLE LLP**

J. Douglas Baldridge
 600 Massachusetts Avenue,
 Washington, DC 20001
 JBaldridge@Venable.com
 Tel: 202.344.4703

John C. Vazquez
 1270 Avenue of the Americas,
 New York, NY 10012
 JVazquez@Venable.com
 Tel: 212.370.6293

*Attorneys for Defendants Firefly*
*Entertainment Inc., 13 Management*
*LLC, and Euro Tribeca LLC*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................. 1

FACTUAL BACKGROUND ............................................................................................... 2

ARGUMENT ..................................................................................................................... 5

I.    Douglas Elliman Fails to State a Claim for Breach
      of Contract ............................................................................................................ 6

      A.  Douglas Elliman Has Not Earned Any Real Estate Commission ..................... 6

      B.  Douglas Elliman Has Not Alleged the Existence of an Enforceable Exclusive
          Agency Contract ............................................................................................. 8

II.   Douglas Elliman Fails to State a Claim for
      Tortious Interference with Contract ..................................................................... 10

CONCLUSION ................................................................................................................. 11

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)...................................................................................5

*Bennett v. Atomic Prod. Corp.,*
132 A.D.3d 928 (1st Dep't 2015) ...........................................................10

*Bracha NY, LLC v. Moncler USA Retail LLC,*
2017 N.Y. Slip Op. 30996(U), 2017 WL 1955275 (Sup. Ct. N.Y. Cnty
2017) ..........................................................................................................9

*Cantor Fitzgerald v. Lutnick,*
313 F.3d 704 (2d Cir. 2002)......................................................................5

*Conrad v. Golden,*
275 A.D. 946, 89 N.Y.S.2d 689 (2d Dep't 1949)....................................10

*Cooper Square Realty, Inc. v. A.R.S. Management, Ltd.,*
181 A.D.2d 551 (1st Dep't 1992) ..............................................................9

*Discover Grp., Inc. v. Lexmark Int'l, Inc.,*
333 F. Supp. 2d 78 (E.D.N.Y. 2004) .......................................................11

*Douglas Elliman LLC v. 308 East 109th Street LLC,*
No. 650678/2016 (Sup. Ct. N.Y. Cnty, filed Feb 10, 2016)......................1

*Douglas Elliman LLC v. 74 Washington Place Partners LLC,*
No. 651401/2016 (Sup. Ct. N.Y. Cnty, filed Mar. 17, 2016) .....................1

*Douglas Elliman LLC v. Berman,*
No. 654725/2017 (Sup. Ct. N.Y. Cnty, filed Jul. 11, 2017) ......................1

*Douglas Elliman, LLC v. Corcoran Group Marketing,*
No. 650743/2011, 2011 WL 10893904 (Sup. Ct. N.Y. Cnty, Sept. 15,
2011) ...................................................................................................1, 6, 7

*Douglas Elliman LLC v. Grand Street Development LLC,*
No. 159800/2015 (Sup. Ct. N.Y. Cnty, filed Sept. 24, 2015).....................1

*Douglas Elliman v. Corcoran,*
93 A.D.3d at 540 (1st Dep't 2012) .......................................................7, 10

*Fire Island Real Estate, Inc. v. Coldwell Banker Residential Brokerage,*
131 A.D.3d 507 (2d Dep't 2015).............................................................10

*Greene v. Hellman*,
    412 N.E.2d 1301 (N.Y. 1980) ........................................................6, 8

*Helmsley-Spear, Inc. v. 150 Broadway N.Y. Assocs. L.P.*,
    251 A.D.2d 185 (1st Dep't 1998) ........................................................7

*Hirschfeld Props. v. Juliano*,
    3 A.D.3d 399 (1st Dept. 2004) ........................................................9

*Indus. & Commercial Realty Assocs. Co. v. Great Atl. & Pac. Tea Co.*,
    68 A.D.2d 853 (1st Dep't 1979) ........................................................8

*Kronos, Inc. v. AVX Corp.*,
    612 N.E.2d 289 (N.Y. 1993) ........................................................10

*Muldoon v. Silvestre*,
    283 A.D. 886 (2nd Dep't 1954) ........................................................6

*Parkway Group Ltd. v. Modell's Sporting Goods*,
    254 A.D.2d 338 (2d Dep't 1998) ........................................................8, 9

*Retail Advisors, Inc. v. SLG 625 Lessee LLC*,
    138 A.D.3d 425 (1st Dep't 2016) ........................................................8

*Rexnord Holdings, Inc. v. Bidermann*,
    21 F.3d 522 (2d Cir. 1994) ........................................................6

*Sibbald v. Bethlehem Iron Co.*,
    83 N.Y. 378 (1881) ........................................................6

*Snyder v. Sony Music Entm't, Inc.*,
    252 A.D.2d 294 (1st Dep't 1999) ........................................................11

*SPRE Realty, Ltd. v. Dienst*,
    119 A.D.3d 93 (1st Dep't 2014) ........................................................7

*Trihy v. Belsha*,
    52 Misc. 2d 590 (Sup. Ct. Suffolk Cnty 1966) ........................................................6

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ........................................................1

Defendants Firefly Entertainment Inc., 13 Management LLC, and Euro Tribeca LLC ("Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the Complaint filed by Douglas Elliman LLC for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

This suit is the latest in a long line of lawsuits brought by Plaintiff Douglas Elliman seeking commissions for real estate transactions in which it had little or no involvement.[1] In keeping with this pattern, through this action Douglas Elliman seeks more than a million dollars for a real estate transaction in which it does not claim to have played any material role.

The Complaint alleges that Douglas Elliman's only activity in connection with the property underlying its claim took place over the course of about a week, during which time Douglas Elliman's agent arranged one showing and provided some basic information about the property to Defendants, and then never had any contact with them again. Almost nine months later, with zero intervening contact with Elliman, the property was sold. Douglas Elliman makes no pretense that it or its agent had any role whatsoever in the negotiation or consummation of the sale of the property. Yet, despite not having been involved in any capacity with the purchase and sale of the property, Douglas Elliman claims that by dint of its minimal efforts, it was entitled to the exclusive commission should Defendants ever buy the property, without the obligation to actually do anything required by law to bring about the transaction.

---

[1] *See, e.g., Douglas Elliman LLC v. Berman*, No. 654725/2017 (Sup. Ct. N.Y. Cnty, filed Jul. 11, 2017) (alleging breach of exclusivity agreement); *Douglas Elliman LLC v. 74 Washington Place Partners LLC*, No. 651401/2016 (Sup. Ct. N.Y. Cnty, filed Mar. 17, 2016) (same; seeing over $1 million in damages); *Douglas Elliman LLC v. 308 East 109th Street LLC*, No. 650678/2016 (Sup. Ct. N.Y. Cnty, filed Feb 10, 2016) (seeking $50,000 for a transaction that never occurred); *Douglas Elliman LLC v. Grand Street Development LLC*, No. 159800/2015 (Sup. Ct. N.Y. Cnty, filed Sept. 24, 2015) (seeking just under $1 million for alleged breach of exclusivity agreement); *Douglas Elliman, LLC v. Corcoran Group Marketing*, No. 650743/2011, 2011 WL 10893904 at *7 (Sup. Ct. N.Y. Cnty, Sept. 15, 2011) (claim for commission dismissed).

However, it is a longstanding and well-established rule in New York that a broker is not entitled to a commission on a real estate sale unless he or she is the "procuring cause" of the transaction. And, the facts pled in Douglas Elliman's Complaint demonstrate the opposite—its agent was not the "procuring cause" of Defendant Euro Tribeca LLC's purchase of the property at issue. Therefore, Douglas Elliman cannot state a claim for the commission.

Although Douglas Elliman alleges that two of the Defendants promised Elliman's agent the sole right to represent them with respect to the purchase of the property, this does not change the analysis, nor rehabilitate Elliman's defective first cause of action for breach of contract. Under New York law, a broker seeking compensation for any reason other than that he or she was the procuring cause of the transaction must demonstrate the existence of a "special contract" establishing all material terms of the broker's engagement.[2] Elliman makes no attempt to do so (as he could not), and therefore has not stated a plausible claim for breach of contract.

Elliman's second and final cause of action, for tortious interference with contract, fails for the same reasons: the existence of a contract, and a breach of that agreement, are necessary elements of a claim for tortious interference with contract. Douglas Elliman's failure to plead either of these elements is a fatal defect that precludes a claim for tortious interference. Accordingly, Douglas Elliman's Complaint should be dismissed in its entirety.

## FACTUAL BACKGROUND

The facts of this case, as alleged in the Complaint and taken as true for the purpose of this motion, are simple.

---

[2] Of course, Plaintiff makes no claim of the execution of the industry standard "Buyer's Agreement," in which a buyer commits to the unusual step of agreeing to pay a Buyer's commission, because no such agreement ever existed.

Andrew Azoulay is a real estate agent associated with the real estate brokerage Douglas Elliman LLC. Azoulay claims that in December 2016, Defendants Firefly Entertainment Inc. and 13 Management LLC (collectively "Firefly Entertainment") approached him and expressed interest in potentially purchasing a property at 15 Leonard Street in Manhattan, for which Azoulay was the listing agent. (Compl. ¶ 16). According to the Complaint, Firefly Entertainment was acting at the behest of an individual who owns a residence in a building adjacent to 15 Leonard Street, and who was considering purchasing the 15 Leonard Street property so as to allow indoor access from the adjoining residence to a garage and indoor driveway, amenities that the individual's adjacent residence lacked. (Compl. ¶¶ 10, 17). Azoulay allegedly proposed that another nearby property, located at 153 Franklin Street, might present an alternative solution to this particular need. (Compl. ¶ 10).

The sum total of Azoulay's alleged involvement with respect to the property at 153 Franklin Street lasted just over a week, and consisted of:

- Making a showing of the Franklin Street property on January 27, 2017 (Compl. ¶ 19);

- Measuring the building using a laser device on February 2, 2017 (Compl. ¶ 20);

- Introducing Firefly Entertainment to the owner of the building on February 3, 2017 (Compl. ¶ 21); and

- Obtaining the blueprints for the building and providing them to Firefly Entertainment on February 5, 2017 (Compl. ¶ 22).

The Complaint does not allege that Azoulay conducted any further efforts whatsoever to bring about a sale of the Franklin Street property, and admits that from at least March 2017 forward, there was no further contacted between Firefly Entertainment and Azoulay or Douglas Elliman regarding the Franklin Street property. (Compl. ¶ 23).

On October 25, 2017—roughly nine months after Azoulay's last contact with Firefly Entertainment—defendant Euro Tribeca LLC allegedly purchased the Franklin

3

Street property for $18 million. (Compl. ¶¶ 24, 31). Perhaps more importantly than what the Complaint *does* allege is what the Complaint *does not* allege (and cannot honestly do so):

- Elliman does not allege it conducted any further showings of the property;

- Elliman does not allege it facilitated Defendants in making an offer on the property;

- Elliman does not allege that Defendants ever signed any buyer's agreement or formal contract;

- Elliman does not allege to have negotiated on behalf of Defendants;

- Elliman does not allege to have participated in any way in the drafting, negotiation, or execution of the sale agreements;

- Elliman does not allege the existence of any agreement for an objective method or formula of payment of a claimed commission; and,

- Elliman does not allege any continuity between the showing and the final sale, or that it in any way caused the transaction to come to fruition.

Nonetheless, Douglas Elliman claims it is entitled to receive a commission of 6% of the sale price, equaling $1.08 million. (Compl. ¶ 32).

The Complaint makes no pretense that Azoulay actually *earned* that tremendous commission; instead, Elliman argues that Azoulay was "wrongfully *prevented from earning* the real estate brokerage commission." (Comp. ¶ 29) (emphasis added). This argument balances on a single email sent to Azoulay on January 25, 2017—nine months before Euro Tribeca's purchase of the Franklin Street property—from a representative of Firefly Entertainment. That email, which was sent at Azoulay's request, reads in its entirety:

> Andrew,
>
> This email is intended for your use with the owner of 153 Franklin. This is to confirm that we Firefly Entertainment/13 Management are working with you solely regarding the viewing and any other needs at 153 Franklin. There will not be any other lines of communication outside of myself. Thank you and please let me know if you need anything further.

4

(Compl. Ex. A). In Elliman's telling, this single email comprises a binding contract and a "written promise of sole representation regarding the purchase of 153 Franklin Street" that was breached when Euro Tribeca LLC purchased the Franklin Street property. (Compl. ¶ 27). The Complaint alleges this agreement was contained within the "four corners" of this "unambiguous" email. (Compl. ¶ 7). There are no allegations whatsoever that the parties agreed to terms outside of this email, such as the duration of the alleged agreement, the amount or basis of any compensation to be paid, or the services that were to be provided.

Douglas Elliman's Complaint also alleges that Defendant Euro Tribeca LLC was incorporated not only to receive the title to the Franklin Street property, "but also to facilitate and prevent the plaintiff from learning of the beneficial purchase" of the Franklin Street property, thereby tortuously interfering with the alleged contract between Firefly Entertainment and Elliman. (Compl. ¶ 35).

## ARGUMENT

To survive a motion to dismiss, a complaint must set forth "sufficient factual matter" to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). In evaluating whether a complaint states a claim, the Court need not give "credence to plaintiff's conclusory allegations" or legal conclusions offered as pleadings. *Cantor Fitzgerald v. Lutnick*, 313 F.3d 704, 709 (2d Cir. 2002). The court should begin by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth" and then determine whether the factual allegations pled state a plausible claim for relief. *Iqbal*, 556 U.S. 679.

Both Douglas Elliman's breach of contract claim and its claim for tortious interference with contract fail this assessment, and should therefore be dismissed.

## I.      Douglas Elliman Fails to State a Claim for Breach of Contract

"Under New York law, an action for breach of contract requires proof of (1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525 (2d Cir. 1994). Douglas Elliman's Complaint fails to identify a valid contract, fails to plead that Elliman performed under any contract, and fails to allege any breach by Defendants.

### A.      Douglas Elliman Has Not Earned Any Real Estate Commission

In the context of a claim for a commission, a broker must demonstrate not only the existence of a valid contract, but also that he or she was the "procuring cause" of the sale at issue. *Greene v. Hellman*, 412 N.E.2d 1301, 1307 (N.Y. 1980). "The term 'procuring cause' has been defined by the courts as a chain of events set in motion by the broker that, without a break in their continuity, cause the buyer and seller to reach agreement on the sale as the proximate result of the broker's efforts." *Douglas Elliman, LLC v. Corcoran Group Marketing*, No. 650743/2011, 2011 WL 10893904 at *7 (Sup. Ct. N.Y. Cnty, Sept. 15, 2011) *aff'd* 93 A.D.3d 539 (1st Dep't 2012); *see also Sibbald v. Bethlehem Iron Co.*, 83 N.Y. 378, 383 (1881) ("The duty assumed by the broker is to bring the minds of the buyer and seller to an agreement for a sale, and the price and terms on which it is to be made").

Courts routinely dismiss claims by brokers seeking commissions on facts similar to those that are pled by Douglas Elliman here. *See, e.g., Muldoon v. Silvestre*, 283 A.D. 886, 866 (2nd Dep't 1954) ("an allegation that plaintiffs employee 'showed the house' to the purchasers and 'endeavored to negotiate a sale' and that thereafter a sale was consummated, is not an allegation that plaintiff was the procuring cause of the sale"); *Trihy v. Belsha*, 52 Misc. 2d 590, 592 (Sup. Ct. Suffolk Cnty 1966) (dismissing complaint and holding "a broker may not recover for an unsuccessful effort, even though

through his effort, and under later and more advantageous circumstances, a sale may eventuate between the seller and the broker's purchaser").

Indeed, the Complaint is rife will allegations that contradict any claim that Azoulay or Douglas Elliman were the "procuring cause" of Defendants' purchase of the Franklin Street property. A similar—and similarly misguided—previous lawsuit brought by Douglas Elliman provides a useful comparison: In *Douglas Elliman, LLC v. Corcoran Group Marketing*, the Appellate Division affirmed the dismissal of Elliman's claims for a real estate commission, where Elliman alleged its agent "brought about the acquaintance" of the buyer and seller but did not get the buyer to make an offer, did not negotiate the terms of the sale, and "failed to show any continuity between the showing of [the property] and the final sale," which occurred months after the showing. *Douglas Elliman v. Corcoran*, 2011 WL 10893904 at *7; *aff'd* 93 A.D.3d 539; *see also Helmsley-Spear, Inc. v. 150 Broadway N.Y. Assocs. L.P.*, 251 A.D.2d 185, 186, (1st Dep't 1998) ("A showing that a broker simply introduced the parties or called the property to the tenant's attention, without more, does not entitle the broker to a commission."). Douglas Elliman's allegations in this action are equally deficient.

Elliman's Complaint acknowledges its agent's only role was to show the Franklin Street property, to provide basic information about the measurements and layout, and to make an introduction to the property owner. (Compl. ¶¶ 19-22). Nearly nine months passed between these minimal efforts by Azoulay and the closing on the Franklin Street property—with which Elliman concedes it had no involvement. And, during that time there was no contact between Azoulay and the Defendants, leading Azoulay to the conclusion that the transaction was abandoned. (Compl. ¶¶ 23-24). These allegations are plainly and woefully inadequate to state a claim for a brokerage commission. *See, e.g. Helmsley-Spear*, 251 A.D.2d at 186; *compare SPRE Realty, Ltd. v. Dienst*, 119 A.D.3d 93, 100, (1st Dep't 2014) (allegations sufficient where plaintiff negotiated favorable terms, prepared a deal sheet with defendant's offer, and drafted a contract of sale).

7

### B.     Douglas Elliman Has Not Alleged the Existence of an Enforceable Exclusive Agency Contract

Tacitly conceding it was not the procuring cause of Euro Tribeca's purchase of the Franklin Street property, and therefore that it has not earned any commission, Douglas Elliman argues that it should nonetheless receive a million-dollar payday because Firefly Entertainment breached a "written promise of sole representation regarding the purchase of 153 Franklin Street." (Compl. ¶ 27).

Interpreting the one email upon which this allegation is founded as a "promise" of exclusive representation strains credulity; but even with the benefit of this tenuous interpretation, Douglas Elliman has failed to state a cognizable claim for breach of contract.

In order to escape the longstanding rule that a broker is only owed a commission where he or she is the procuring cause of the sale, so as to seek payment on some other basis, the broker must allege the existence of a "special contract" that sets forth all material terms regarding the broker's engagement. *See, e.g., Greene*, 412 N.E.2d at 1301; *Retail Advisors, Inc. v. SLG 625 Lessee LLC*, 138 A.D.3d 425, 425–26 (1st Dep't 2016) ("plaintiff failed to present any evidence that the parties intended a brokerage agreement to be a 'special agreement' which would entitle plaintiff to a commission even if it were not the procuring cause"); *Indus. & Commercial Realty Assocs. Co. v. Great Atl. & Pac. Tea Co.,* 68 A.D.2d 853, 853 (1st Dep't 1979) (real estate broker did not state a claim where the complaint did not "allege an express, special contract," but merely an "implied promise").

No such "special contract" is alleged here.

There are no allegations the parties ever reached a meeting of the minds regarding the amount of compensation to be paid, when or how that compensation would be earned, or the duration of the exclusivity period. Each of these is a material term, and the absence of any one alone would be grounds for dismissal. On this point, *Parkway Group Ltd. v.*

*Modell's Sporting Goods*, 254 A.D.2d 338 (2d Dep't 1998), is instructive. In *Parkway*, as here, a real estate agent alleged that a "letter agreement" created an exclusive agency or exclusive right to negotiate on behalf of the defendant, and gave the agent the right to recover a commission despite not having been the procuring cause of the transaction. *Id*. at 657. The New York Appellate Division affirmed the dismissal of this claim, finding (among other deficiencies) that "even if the agreement had created an exclusive agency, the broker would not be entitled to a commission because the agreement provided only for a commission 'at a rate to be negotiated,'" and "the agreement thus lacked an essential term as to the amount of the commission and constituted an unenforceable agreement to agree." *Id*. at 339. Here, of course, in the solitary memo relied upon by Plaintiff, there is no mention of the critical commission, much less an agreed rate or amount.

Similarly, in *Cooper Square Realty, Inc. v. A.R.S. Management, Ltd.*, 181 A.D.2d 551 (1st Dep't 1992), the Appellate Division affirmed dismissal of a suit over an alleged exclusive brokerage agreement that contained "no objective method or formula . . . for determining a commission." *Id*. at 551-52 The *Cooper Square* Court held that as "price is an essential ingredient of every contract for the rendering of services, an agreement must be definite as to compensation." *Id*.; *see also Hirschfeld Props. v. Juliano*, 3 A.D.3d 399, 399 (1st Dept. 2004) (the parties' writing "does not contemplate payment of plaintiff's commission by defendants, and thus is not a valid real estate brokerage agreement"); *Bracha NY, LLC v. Moncler USA Retail LLC*, 2017 N.Y. Slip Op. 30996(U), 2017 WL 1955275 at *7 (Sup. Ct. N.Y. Cnty 2017) (no commission owed where the brokerage agreement contained "no financial terms whatsoever").

Just as the plaintiffs in *Parkway*, *Cooper Square*, *Hirschfeld Properties*, and *Bracha*, Douglas Elliman has failed to allege the existence of an enforceable "special contract" that would entitle it to recover a seven-figure commission it admittedly did not earn. Elliman's breach of contract claim should therefore be dismissed.

9

**II.      Douglas Elliman Fails to State a Claim for
            Tortious Interference with Contract**

The elements of tortious interference with a contract under New York law are:
(1) the existence of a valid contract between plaintiff and a third party; (2) defendant's
knowledge of the contract; (3) the defendant's intentional obtainment of the contract's
breach; and (4) resultant damages. *Kronos, Inc. v. AVX Corp.*, 612 N.E.2d 289, 292 (N.Y.
1993).

For the reasons set forth at Point I above, Douglas Elliman has failed to plead the
existence of a valid contract between it and a third party. Elliman has also failed to allege
the element of damages, for if it has not pled any plausible theory under which it would
be legally entitled to a real estate commission on the purchase of the Franklin Street
property, it has no damages. Either of these two fundamental deficiencies—the absence
of a valid contract, and the lack of any plausible damages claim—would alone be
grounds for dismissal of Douglas Elliman's tortious interference claim. *See, e.g., Fire
Island Real Estate, Inc. v. Coldwell Banker Residential Brokerage*, 131 A.D.3d 507, 508
(2d Dep't 2015) (dismissing tortious interference claim where "plaintiff failed to establish
that there was a valid contract between the plaintiff and a third party"); *Douglas Elliman
v. Corcoran*, 93 A.D.3d at 540 (1st Dep't 2012) (no cause of action for tortious
interference where plaintiff broker was not the procuring cause of the ultimate purchase).
And, beyond that, even if the threadbare allegations in the Complaint were sufficient to
allege the existence of an enforceable exclusivity contract, Douglas Elliman's tortious
interference claim would nonetheless fail as a matter of law for yet a third reason.

There are no allegations in the Complaint that the so-called contract contained a
term of duration or expiration, and it is black-letter law that "contracts containing no
definite term of duration are terminable at will." *Bennett v. Atomic Prod. Corp.*, 132
A.D.3d 928, 929 (1st Dep't 2015); *see also Conrad v. Golden*, 275 A.D. 946, 946, 89
N.Y.S.2d 689, 690 (2d Dep't 1949) (exclusive real estate agency agreement without a

term of duration was terminable at will). It is equally well-settled in New York "that a contract terminable at will cannot be the basis for a tortious interference with contract claim." *Discover Grp., Inc. v. Lexmark Int'l, Inc.*, 333 F. Supp. 2d 78, 83–84 (E.D.N.Y. 2004) (internal quotations omitted) (dismissing claim for tortious interference with exclusive sales agency agreement); *see also Snyder v. Sony Music Entm't, Inc.*, 252 A.D.2d 294, 299 (1st Dep't 1999) ("the case law is clear that agreements that are terminable at will . . . cannot support a claim for tortious interference with existing contracts"). Therefore, even if Douglas Elliman's Complaint sufficiently pled the existence of a contract—and it does not—Elliman's claim for tortious interference should be dismissed as a matter of law.

## CONCLUSION

Through this lawsuit, Douglas Elliman asks the Court to award it a million-dollar payday for a transaction with which it concedes it had no involvement; and it justifies this demand by pointing to a contract that does not exist.

For more than 100 years, New York courts have used the "procuring cause" doctrine as a means of deterring unscrupulous real estate brokers from bringing just such claims, and used the requirement of a "special contract" as a means of preventing brokers from evading the procuring cause rule by means of dubious or imprecise communications with clients. These well-established legal principles render Douglas Elliman's Complaint deficient as a matter of law.

Douglas Elliman has failed to allege that it was the procuring cause of Defendant's purchase of the Franklin Street property, failed to allege the existence of a special contract, and failed to state a claim for tortious interference. As such, Douglas Elliman's complaint should be dismissed in its entirety.

11

Dated:  March 6, 2018                 Respectfully submitted,
        New York, NY

                                        /s/J. Douglas Baldridge

                                      **VENABLE LLP**

                                      J. Douglas Baldridge
                                        600 Massachusetts Avenue
                                        Washington, DC 20001
                                        JBaldridge@Venable.com
                                        Tel: 202.344.4703

                                      John C. Vazquez
                                        1270 Avenue of the Americas,
                                        24th Floor
                                        New York, NY 10012
                                        JVazquez@Venable.com
                                        Tel: 212-370-6293

                                      *Attorneys for Defendants Firefly Entertainment*
                                      *Inc., 13 Management LLC, and Euro Tribeca LLC*